**STREETSBORO SCHOOL SUPPORT PERSONNEL ASSOCIATION et al., Appellants,**

**v.**

**STREETSBORO CITY SCHOOL DISTRICT BOARD OF EDUCATION, Appellee.**

[Cite as *Streetsboro School Support Personnel Assn. v. Streetsboro City School Dist. Bd. of Edn.* (1996), 113 Ohio App.3d 409.]

Court of Appeals of Ohio,
Eleventh District, Portage County.

No. 95–P–0152.

Decided Aug. 12, 1996.

*Ronald G. Macala* and *Anne Piero Silagy,* for appellants.

*Ronald J. Habowski,* for appellee.

EDWARD J. MAHONEY, Judge.

Appellants, Streetsboro School Support Personnel Association ("association") and Dianne Whitelock, appeal from a decision of the Portage County Court of Common Pleas that determined that Whitelock was not entitled to a year of service credit for the 1988–1989 school year. Appellee is the Streetsboro City School District Board of Education ("board"). We reverse.

At issue in this appeal is whether Whitelock was wrongfully denied one year of service credit for her service as a substitute and regular full-time bus driver during the 1988–1989 school year. Pursuant to the collective bargaining agreements negotiated between the association and the board, the board must award

one year of service credit for purposes of salary schedule placement to its full-time, regular employees who have served one hundred twenty days during a school year.

Whitelock began her tenure with appellee in September 1988 as a substitute bus driver and was paid an hourly rate. As explained at trial, she had initially worked as an "as needed" substitute, who must be telephoned to come into work. A "long-term" substitute, on the other hand, is one who is expected to come to work unless told otherwise. Other than this distinction, the jobs were the same. All substitute drivers, whether long-term or "as needed," had the same duties and responsibilities and were paid at the same substitute driver rate.

Whitelock testified that when she began to work for appellee in 1988, she only went in when called and had the flexibility to work for other school districts. In December 1988, however, Whitelock was told to report to work every day because one of the full-time drivers had a problem with absenteeism. In February 1989, Whitelock was hired as a regular full-time bus driver, taking over that driver's route. She has worked for appellee as a full-time bus driver ever since.

Whitelock served one hundred forty-four days during the 1988–1989 school year: sixty-three days as a substitute and eighty-one days as a regular driver. Although she was under the impression that she was entitled to a year's service credit, she was not given credit for that year. It was appellee's position that, because Whitelock had worked on an as-needed basis, rather than as a long-term substitute, she was not entitled to service credit for the time she worked as a substitute driver.

As a result of the loss of service credit, Whitelock claims to have lost wages of over $1,000 and corresponding lost retirement benefits on those wages. Consequently, appellants filed this action for declaratory judgment, injunctive relief, and damages. Whitelock contends that, prior to this dispute, she was unaware that she had been classified as an as-needed driver and had never even heard of the classification before. While admitting the material facts alleged in appellants' complaint, appellee maintained that it was not legally obligated to grant service credit to Whitelock for the 1988–1989 school year.

Following a bench trial, the trial court found that Whitelock was not entitled to the service credit. The trial court held that there was a reasonable basis for the distinction between substitute drivers who worked on an as-needed as opposed to a long-term basis.

Appellants timely appealed, asserting the following as error:

"1. The lower court erred when it concluded that appellee Streetsboro City School District Board of Education did not violate Ohio Revised Code Section

3317.12 when it denied appellant Whitelock service credit for the 1988–1989 school year.

"2. The trial court erred when it concluded that appellee Streetsboro Board of Education did not arbitrarily and capriciously deny appellant Whitelock one year of service credit for the 1988–1989 school year."

Because these two assignments of error are closely related, they will be considered together. Appellants contend that Whitelock was not treated the same as other nonteaching employees in similar positions. Specifically, they point to other bus drivers who served less than one hundred twenty days as regular bus drivers, but more than one hundred twenty days when combining their time as substitute drivers and full-time drivers. They contend that, unlike Whitelock, these other drivers were granted service credit for their year of combined substitute and regular service. Appellants admit that the board is not required to give service credit to substitute drivers. They claim, however, that because the board has given credit to other similarly situated substitute drivers, Whitelock is entitled to equal credit.

The board admits that it has given service credit to some substitute drivers who became regular drivers during the school year. It claims, however, that this practice has been limited to those drivers who were long-term substitutes, driving daily on specific routes while the drivers were on leave, before receiving their regular routes.

It is the board's classification of substitutes as long-term and as-needed that is the basic challenge of this appeal. Appellants assert that these classifications are unreasonable, because the jobs are identical. Consequently, they contend that by basing the award of service credit on these classifications, the board has established a nonuniform pay schedule in violation of R.C. 3317.12, which provides:

"Any board of education * * * shall annually adopt a salary schedule for non-teaching school employees based upon training, experience, and qualifications * * *. Each board of education shall prepare and may amend from time to time, specifications descriptive of duties, responsibilities, requirements, and desirable qualifications of the classifications of employees required to perform the duties specified in the salary schedule. All nonteaching school employees are to be notified of the position classification to which they are assigned and the salary for the classification. *The compensation of all employees working for a particular school board shall be uniform for like positions except as compensation would be affected by salary increments based upon length of service.*" (Emphasis added.)

The board argued to the trial court that R.C. 3317.12 applies to salary levels, not service credit. This court has held otherwise. A school board violates

R.C. 3317.12 by refusing to grant service credit to nonteaching employees when similarly situated nonteaching employees had been granted such service credit. *Sarra v. Girard City School Dist. Bd. of Edn.* (Dec. 30, 1983), Trumbull App. No. 3252, unreported, 1983 WL 6066.

The classifications of as-needed and long-term have apparently emerged administratively and have no bearing on the work performed by these drivers. If a full-time regular driver is to be out for an extended period, the board would assign one substitute to take over that route. The long-term assignment of a substitute merely provided convenience and continuity for those involved. There would be no need to call a substitute everyday, so the substitute could plan his or her schedule and would not need to wait for a call. The substitute would also become familiar with the route and the students.

The evidence before the trial court demonstrated that basing an award of service credit on these classifications was unreasonable, because the jobs were identical. In fact, as admitted by a representative of the board, the as-needed and long-term drivers "are the same people." All substitutes have the same contract, are paid at the same rate, and perform the same duties. From a single pool of substitute drivers, some work as needed and some work long-term, depending on the need of the board at the time. In other words, the number of regular full-time drivers out on extended leave at any time will control how many substitutes are classified as long-term.

If a full-time regular driver is out for a full year, as has happened in the past, the substitute who replaces him may be classified as long-term for the entire year. A regular driver will not typically be out for an entire year, however. When and if the regular driver returns to the job, the substitute will likely be "reclassified" as as-needed unless assigned to the route of another driver on extended leave. As-needed substitutes can become long-term and vice versa, depending on the needs and discretion of the board.

Moreover, it appears from the record that the board was not even consistent in its award based on these purported classifications. For example, one driver, who was initially hired as an as-needed substitute, later worked every day for one driver for approximately six weeks, and then worked on an as-needed basis again. After he became a regular full-time driver, he was awarded service credit. Whitelock, on the other hand, spent the better part of her final month as a substitute working every day for one driver who she eventually replaced as a full-time regular driver; yet, she was apparently never classified as long-term, nor was she given service credit.

We find appellants' assignments of error to have merit. R.C. 3317.12 requires that once the board decides to grant service credit to some substitute bus drivers,

it must keep its salary schedule uniform and award that credit to all similarly situated employees. Therefore, because the board granted service credit to other drivers with previous substitute and/or combined service of at least one hundred twenty days, it violated R.C. 3317.12 by failing to grant Whitelock service credit for the 1988–1989 school year. The assignments of error are with merit.

The judgment of the trial court is reversed and the matter is remanded to the trial court to enter judgment for appellant including her lost wages and service credit.

*Judgment reversed*
*and cause remanded.*

JOSEPH E. MAHONEY, P.J., and NADER, J., concur.

EDWARD J. MAHONEY, J., retired, of the Ninth Appellate District, sitting by assignment.